**Turturro Law, P.C.**
By:Natraj S. Bhushan (NB-2793)
1602 McDonald Avenue
Brooklyn, NY 11230
Tel.: 718-384-2323
Email: Natraj@turturrolawpc.com
*Attorneys for Plaintiffs*

**Traylor Law Office, P.C.**
By:Michael S. Traylor
(California SBN 136814)
8601 Lincoln Blvd. 180, Suite 525
Los Angeles, CA. 90045
Tel:(310) 401-6610
Email: TraylorLawOffice@gmail.com
*Attorney Seeking Pro Hac Vice Admission for Plaintiffs*

# THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POPPINGTON, LLC and RAQUEL HORN<br><br>Plaintiffs,<br><br>vs.<br><br><br>EDWYNA BROOKS and JOHN DOE 1-10<br><br><br><br>Defendants. | Case No.<br><br>(RELATED CASE#:  19-cv-1944 (JSR)<br>**COMPLAINT FOR MONEY DAMAGES AND EQUITABLE RELIEF** |

Plaintiffs Raquel Horn ("Raquel") and Poppington, LLC, along with each's heirs, successors and common interest holders (collectively with Raquel, "Plaintiffs") are informed and believe (and on the basis of that information and belief) complain and allege as follows:

## PARTIES

1. Plaintiff, Poppington, LLC a New York limited liability company, which is currently based in the State of California and the rightful owner of the copyright in a photograph generally described as "a southern female gangster" - a true and correct copy of which is attached hereto as **Exhibit A** along with the pending copyright registration application (said photograph referred to herein as the "Work")

2. Plaintiff Raquel is in an individual citizen of the United States who resides in the State of California. Raquel is the author of the photograph and filed for its copyright application. She thereafter duly assigned the same to plaintiff Poppington LLC.

3. Defendant Edwyna Brooks ("Brooks") in an individual citizen of the United States who upon information and belief operates her businesses in the State of New York.

4. Defendants JOHN DOE 1-10 are fictional defendants. The true capacities, whether individual, corporate, associate or otherwise, of the to-be-named Ancillary Defendants are currently unknown to and Plaintiff; however, when their true names and capacities are ascertained, Plaintiff will seek leave of the Court to amend the Complaint by asserting their true names and capacities herein.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner from the occurrences alleged in this Complaint, and that Plaintiff's damages as alleged in this Complaint were proximately caused by such fictitious defendants.

## JURISDICTION AND VENUE

5. This Complaint arises under the federal Copyright Act, 17 U.S.C.§ 101 *et seq.*, as amended, and the statutory and common law of State of California.  This Court has subject-matter jurisdiction over this dispute under 28 U.S.C § 1331 (federal question) because the claims asserted arise under the Copyright Act.

6. Venue is proper in this judicial district under 28 U.C.S §1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this District. Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendants are subject to personal jurisdiction in this District and therefore "reside" in this District as term is defined in 28 U.S.C. § 1391(c). In addition, each Defendant conducts a substantial amount of business in this District.

7. Additionally, Plaintiff Poppington, LLC and Defendant were involved in related litigation in the United States District Court for the Southern District of New York, bearing case number 19-cv-1944 JSR (the "Related Case").

**STATEMENT OF FACTS**

8. Plaintiff Raquel Horn is the original author of the Work, which was assigned to Poppington LLC. Poppignton LLC has not granted no license(s), right(s) and/or permission(s) to use, include, adapt, distribute, exhibit, exploit and/or otherwise use the Work (or any other rights therein and/or thereto) to Defendant and/or any licensee of Defendant.

9. Defendant, without license or permission, copied and reproduced the Work in connection with a novel entitled *Mafietta, Rise of a Female Boss* along with a related film project and other written, printed and audio-visual media and works (the "Infringing Works") which were exploited by Defendant without Poppington LLC's and/or the Author's permission. A reproduction of the cover of the novel is attached as **Exhibit B**.

10. Moreover, Poppington LLC, upon information and belief, alleges that there are other potential defendants (the "Ancillary Defendants") who also entered into agreements with the various co-defendants to market and promote the infringing materials while distributing, exhibiting and exploiting numerous elements of the Work as part of their business. Upon information and belief, the Defendant and the Ancillary Defendants entered into a joint venture and unity of interest for purposes of exploiting the Work and its elements while infringing upon the copyrights of Poppington LLC.

11. In doing so, Defendant (along with the Ancillary Defendants) exploited, distributed, displayed, exhibited and reproduced visual elements of the Work and copies thereof which were

entirely based upon the Work and the individual creative efforts of Raquel Horn ("Author" as the original photographer of the Work who assigned the Work to Plaintiff).

12. Poppington LLC is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant was acting as an agent, servant, employee, representative of or joint venturer with the other Ancillary Defendants, each acting under the direction and control of said co-defendants and within the course and scope of such agency, service, employment, or joint venture. At all times mentioned herein the acts of Defendant and the Ancillary Defendants, and each of them, were authorized and ratified by their co-defendants.

13. As a result, the Defendants are believed to have earned revenue in an amount in excess of One Million Dollars ($1,000,000.00), cumulatively, by infringing upon the Work and exploiting same without the rights and/or privileges to do so.

**FIRST CAUSE OF ACTION AGAINST EACH DEFENDANT**
*(FOR COPYRIGHT INGRINGEMENT- ACTUAL COPYING)*

14. Plaintiff repeat and incorporates by reference the allegations in paragraphs 1 through 13 above, as if fully set for the herein.

15. The Work (including each element and derivative version thereof) and the rendering of ideas and elements therein, constitutes copyrightable expression protected by the federal Copyright Act, 17 U.S.C. § 101, et seq.

16. Plaintiff Poppington LLC is the sole and exclusive owner (having derived such rights from Author) of all of the exclusive rights to reproduce the Work in copies, prepare derivative works based upon the copyrighted work, manufacture images, distribute copies of the copyrighted work, and to perform, exhibit, display and otherwise exploit the Work along with any and all other rights reserved under the U.S. Copyright Act.

17. Defendants (and each of them) obtained copies of the Work and copied such copyrighted works to create the Infringing Works.  More specifically, the Defendants took the Work along with its creative and visual elements and assembled them to create the Infringing Works.  In

an effort to conceal their infringement of Poppington LLC's copyrights and their copying of the Work, Defendants made minor, consequential changes to the Infringing Works.

18. After having engaged in such conduct, Defendants took the Work and identified the Work in marketing materials, promotional materials, publicity and widespread digital marketing as their own as part of the plan to exhibit and exploit the Work around the world.

19. Defendant further engaged in massive distribution efforts and have effectively distributed the Work as part of the Infringing Works by unlawfully using the Work without Plaintiff's (or Author's) permission.  Defendant continues (as of the filing date hereof) to earn income, publicity, goodwill and credit without any compensation to Poppington LLC and without Poppington LLC's license, authority, permission or consent. Defendant has also been able to use such publicity, goodwill and credit to obtain financing for other projects based upon their use of the Work and the success of the Infringing Works, which would not exist had Defendant not violated Poppington LLC's copyrights.

20. The distribution of Work, the Infringing Works and all related elements has been so massive and complex that Poppington LLC is unable to derive any value from the original Work because they have been falsely designated as creations, copyrights and components of the Defendants utilized for the Infringing Works. Information about the Work is posted on hundreds of websites and is consistently identified as the property of Defendant in such a manner as that the Work no longer has any independent value.

21. Defendant has, however, gained financially and otherwise from using the Work as the cover of and identifier for the Infringing Works and has generated substantial sales of the Infringing Work solely based upon the infringing exhibition and distribution of the Work.

22. By engaging in the conduct described above, Defendants have committed and continues to commit copyright infringement under the federal Copyright Act, 17 U.S.C. §§101 et seq. Defendants' copying and infringing uses of the Work (as described above) is a wilful and conscious disregard of Poppington LLC's rights under the federal Copyright Act. Such acts by the Defendants

constitute misappropriation of and false designation of the Work and each element thereof and destroy the value of the Work.

23. As a direct and proximate result of Defendants' infringement of Poppington LLC's copyright interests in the Work, Poppington LLC's has been damaged and continues to be damaged in an amount to be determined at trial which is believed to be in excess of One Million Dollars ($1,000,000.00). Poppington LLC's is also entitled, under 17 U.S.C. § 504(a), to seek available statutory damages, to the extent they exceed Poppington LLC's actual damages, for each of Defendants' acts of infringement. In infringing Poppington LLC's copyright interests, Defendant acted wilfully and maliciously, entitling Poppington LLC to seek appropriate enhancement of any statutory damages, pursuant to 17 U.S.C. §504(c)(2), in an amount to be determined at trial.

24. As a direct and proximate result of Defendant's infringement of Poppington LLC's copyright interests in the Work, Defendants have made and will make profits attributable to their infringement. The amount of these profits will be determined at the time of trial. As a direct and proximate result of Defendant's wilful infringement of Poppington LLC's copyright interests, Plaintiff has had to retain legal counsel, and may seek to recover its attorneys' fees from Poppington LLC's pursuant to 17 U.S.C § 505, as well as costs, including any expert fees that might be appropriately recoverable.

25. Poppington LLC has been and will continue to be damaged as a direct and proximate result of Defendant's continuing acts of infringement and threatened infringement, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partners, and continuing loss of value of its copyright interests in the Work and any derivative works based thereupon. The damages that Poppington LLC has suffered and continues to suffer from this infringement are irreparable. Poppington LLC has no adequate remedy at law, and such conduct will continue to cause irreparable harm unless restrained by this Court by the issuance of a preliminary injunction.

26. Unless enjoined by this Court, Defendant's conduct and continued infringement of Plaintiff's copyright interests will cause further irreparable injury. Poppington LLC therefore

requests that, after trial, this Court issue a permanent injunction, restraining and enjoining Defendant and Defendant's agents, employees, attorneys, representatives, publishers, distributors and anyone acting at their direction or behalf from copying, reproducing, distributing, or displaying the Work and/or any of its elements.

27.  In an effort to prevent ongoing and future infringement of Poppington LLC's copyright interests and the irreparable injury resulting therefrom, Poppington LLC requests that this Court order Defendant to surrender all copies made in violation of Poppington LLC's copyright interests, as well as any digital or physical copies thereof as part of its final judgment in this action.

## JURY DEMAND

Plaintiffs demand trial by jury to resolve the issues raised herein; with the exception of such issues as are retained by the Court to grant injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against Defendants as follows:

A. That the Court enter judgment in favor of Plaintiffs and against Defendants;

B. That the Court enter a declaratory judgment that Defendants have committed copyright infringement in connection with the use of the Work in the Infringing Works and otherwise.

C. That Defendants along with Defendants' officers, agents, servants, employees, and all persons in active concert or participation with them, be preliminarily and permanently restrained and enjoined from infringing Poppington, LLC's copyright interests in the Work;

D. That Poppington, LLC recover compensatory damages for Defendants' wrongdoing in an amount to be established at trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate;

E. That Poppington LLC recover its proven damages or statutory damages elected in accordance with the Copyright Act, 17 U.S.C. 504 and 505 and other applicable law.

F.      That Poppington LLC recover an award of punitive and other appropriate exemplary damages, disgorgement, restitution, pre-judgment and post-judgment interest as permitted by statute and/or contract;

G.      That Poppington LLC recover attorneys' fees and the costs of suit herein; and

H.      Such other and further relief as this Court may deem just and proper.

DATED: October 15, 2020                       Respectfully Submitted,

**Turturro Law, P.C.**
By:Natraj S. Bhushan (NB-2793)
1602 McDonald Avenue
Brooklyn, NY 11230
Tel.: 718-384-2323
Email: Natraj@turturrolawpc.com
*Attorneys for Plaintiffs*

**Traylor Law Office, PC**
By:Michael S. Traylor
(California SBN 136814)
8601 Lincoln Blvd. 180,Suite 525
Los Angeles, CA. 90045
Tel:(310) 401-6610
Email: TraylorLawOffice@gmail.com
*Attorney Seeking Pro Hac Vice Admission for Plaintiffs*