```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
POPPINGTON, LLC and RAQUEL HORN,      :
                                      :
           Plaintiffs,                :
                                      :
              -v-                     :      20-cv-8616 (JSR)
                                      :
EDYWNA BROOKS and JOHN DOE 1-10,      :      MEMORANDUM ORDER
                                      :
           Defendants.                :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

    Familiarity with the prior proceedings in this case -- and all related cases -- is here assumed. On March 11, 2021, the Court denied plaintiffs' motion to compel Christopher Brown, Esq., defendant Edwyna Brooks' attorney in two related cases, to produce information that would assist plaintiffs in effectuating service of process. Memorandum Order dated March 15, 2021, Dkt. No. 15. The Court granted plaintiffs leave to renew the motion and to "specify, if they can, the precise legal authority authorizing the sought-after relief." Id. at 6. Now before the Court is plaintiffs' renewed motion, purportedly "for an Order directing Christopher Brown, Esq., . . . to promptly provide [plaintiffs' counsel] with Ms. Brooks' address so that service can be effectuated upon her." Letter from Natraj Bhushan to the Court dated March 15, 2021 ("Pl. Letter"), Dkt. No. 16, at 1.

    Plaintiffs, however, fail to specify the legal authority that would authorize the sought-after relief. The only cases cited by

plaintiffs involve situations where a court has authorized service of process through an attorney. See Pl. Letter at 2-3 (citing Walsh v. St. Denis, No. 16-cv-945 (AWT), 2017 WL 819957, at *3-5 (D. Conn. Mar. 2, 2017); In re BRF S.A. Sec. Litig., No. 18-CV-2213 (PKC), 2019 WL 257971, at *13-17 (S.D.N.Y. Jan. 18, 2019)). That is, of course, an entirely separate issue.

Indeed, it appears that plaintiffs have largely abandoned their quest to compel Brown to produce information and instead now seek an order authorizing alternative service of process, including service through Brown. See Pl. Letter at 3 (arguing that "this Court has the power to . . . compel Mr. Brown to accept service for his client").

Brown once again opposes the motion. See Letter from Christopher Brown to the Court dated March 22, 2021, Dkt. No. 19. Brown points out, correctly, that plaintiffs have "changed the application to seek alternative service on Brooks." Id. at 2. He also points out that Brooks' address is available on the public docket in a related case before this Court. See The Dash Group LLC v. JP Morgan Chase et al., 20-cv-10671, Dkt. No. 1 (listing Brooks' address as 350 View Loop, Honolulu, HI, 96818). And Brown once again seeks sanctions on the ground that "[p]laintiffs never had any legitimate reason to involve [Brown's law firm] in this matter"

but "simply want to harass Brown who has recently filed a defamation lawsuit against [plaintiffs]." Id.

The Court denies plaintiffs' motion to compel Brown to produce Brooks' address and Brown's request for sanctions. To be sure, plaintiffs' counsel's behavior borders on the vexatious. As Brown points out, Brooks' address was readily available on the public docket in a related case in which plaintiffs' counsel was retained and filed a motion to intervene. Rather than attempt to effectuate service of process on Brooks at that address, however, plaintiffs sought to compel Brown to produce information that was readily available the entire time. Moreover, given the opportunity to renew their motion to compel, plaintiffs took a left-turn and instead sought an order to effectuate service through Brown. Sanctions are inappropriate, however, because this unnecessary motion practice is partly Brown's own doing: He could have simply pointed plaintiffs' counsel to Brooks' address on the public docket at a much earlier date.

All that being said, Brown has, more or less voluntarily, now pointed plaintiffs to Brooks' home address in Hawaii. Pursuant to the Court's earlier rulings, plaintiffs have until March 31, 2021 to effectuate service of process. No further extensions will be granted. Service must be effectuated forthwith.

The Clerk of the Court is directed to close the entry at

docket number 16.

    SO ORDERED.

Dated:    New York, NY

           March 24, 2021           JED S. RAKOFF, U.S.D.J.