UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------
POPPINGTON, LLC and          |
RAQUEL HORN,                 |
                             |       20-cv-8616 (JSR)
        Plaintiffs,          |
                             |       MEMORANDUM ORDER
     -v-                     |
                             |
EDWYNA BROOKS and            |
JOHN DOE 1-10,               |
                             |
        Defendants.          |
------------------------------
```

JED S. RAKOFF, U.S.D.J.

Before the Court is Poppington LLC and Raquel Horn's motion to dismiss defendant Edwyna Brooks' counterclaims for conversion as time-barred. But Brooks' conversion claims accrued on or after July 30, 2021, upon Plaintiffs' refusal to agree to Brooks' demand to turn over photographs that Brooks paid Horn to take in 2015. The Court accordingly denies Plaintiffs' motion.

## I. Background

The Court presumes the parties' familiarity with the facts and procedural posture of this case, which follows on the heels of a related litigation in which this Court granted judgment in Brooks' favor regarding the authorship of the movie Mafietta. Briefly: the instant suit arose when Plaintiffs sued Brooks for allegedly infringing the copyright in a photograph that Horn took on the set of Mafietta, where Horn was paid $600 by Brooks to perform wardrobe and photography services. ECF 46 ¶ 10.

- 1 -

Brooks now alleges in her first and second amended counterclaims that Horn never turned over the "thousands" of photographs she was hired to take on the Mafietta set in August 2015, though Brooks never requested them. Id. ¶¶ 25, 29. Brooks further alleges that Plaintiffs refused to turn over those photographs upon her counsel's demand, which was transmitted in a letter dated July 30, 2021 and attached to the amended counterclaims. Id. ¶¶ 32-33; Ex. J.

Since Plaintiffs have moved for dismissal under Fed. R. Civ. P. 12(b)(6), the Court is bound to presume, for purposes of ruling on the motion, the truth of Brooks' well-pled factual allegations and to apply the familiar pleading requirements of Twombly and Iqbal. See GEOMC Co., Ltd. V. Calmare Therapeutics Inc., 918 F.3d 92, 99 (2d Cir. 2019).[1] The Court may also consider the documents attached to the counterclaims as exhibits, including Brooks' July 30, 2021 demand letter. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

## II. Discussion

Brooks' first two amended counterclaims plead conversion under New York law (Count I) and North Carolina law (Count II).[2]

---

[1] Unless otherwise noted, all internal quotation marks, alterations, emphases, elisions, and citations have been omitted from all sources cited herein.

[2] Brooks also brings a copyright infringement counterclaim, premised on her contention that she is the rightful author of

- 2 -

While the choice of law issue arose in the prior, related case, the Court was never required to decide it. Since a conversion claim would be timely under either New York or North Carolina law, as explained below, and since the parties do not argue the choice of law issue in their briefs, the Court still need not decide which state's law applies.

The motion turns on a single issue: when did Brooks' cause of action for conversion accrue? Poppington and Horn contend that the counterclaims are time-barred, because the conversion claims accrued when Horn "failed to provide Brooks with her photographs" after they were taken, back in August 2015. Mot. 4. Brooks responds that her claims are timely under both New York and North Carolina law, because where a defendant lawfully came into possession of chattel, the tort of conversion accrues upon refusal of the rightful owner's demand for the chattel's return. This refusal, Brooks contends, occurred after Plaintiffs refused her counsel's July 30, 2021 demand for the return of the "thousands" of photos Horn took in her capacity as a paid photographer on the Mafietta set in August 2015. See ECF 46 Ex. J.

---

the photograph Plaintiffs sued over, because the photograph is a derivative work of the Mafietta film. The instant motion does not address this third counterclaim.

The Court agrees with Brooks for the reasons explained below and accordingly denies Plaintiffs' motion.

## A. Conversion Under New York Law

The New York CPLR states that the statute of limitations for filing a claim "shall be computed from the time the cause of action accrued." CPLR § 203(a). New York law provides that for private plaintiffs, the tort of conversion has a three-year statute of limitations with no discovery rule. See State v. Seventh Regiment Fund, Inc., 98 N.Y.2d 249, 258 (2002); CPLR § 214(3). A cause of action for conversion accrues "when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court." Vigilant Ins. Co. of Am. v. Housing Auth. of City of El Paso, Tex., 87 N.Y.2d 36, 43 (1995). New York understands conversion to be the "unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." Id. at 44. Therefore, possession of chattels by someone other than the rightful owner does not establish a cause of action for conversion where the putative defendant lawfully obtained possession in the first instance. "Some affirmative act -- asportation by the defendant or another person, denial of access to the rightful owner or assertion to the owner of a claim on the goods, sale or other commercial exploitation of the goods by the defendant -- has

always been an element of conversion." Seventh Regiment Fund, 90 N.Y.2d at 260. Therefore, where, as here, conversion was not based on a manual taking, "courts from an early date have protected unsuspecting defendants by requiring plaintiffs ... to show that they demanded the goods and were refused. In this way, a bona fide purchaser who performs no wrongful act relative to a plaintiff's goods is ensured an opportunity to deliver the property to the true owner, before he shall be made liable as a tort feasor for a wrongful conversion." Id. Demand and refusal is a "substantive rather than procedural" requirement in conversion actions." Id. at 261 n. 7. Therefore, unless demand is excusable due to futility or some other reason, a plaintiff's "cause of action d[oes] not accrue until demand and refusal," since this constitutes the wrongful act by which the defendant "actually interfered with the [plaintiff's] property." Id. at 260-261.

There is no dispute that Horn lawfully obtained the photographs Brooks seeks, since Brooks hired Horn to take photographs on the Mafietta set. According to the allegations currently before the Court, Horn did not previously act wrongfully to interfere with Brooks' property rights over the photographs, since Brooks allegedly never asked for the photographs to be provided before her counsel's July 30, 2021 letter. Therefore, if Brooks has a conversion claim under New

York law, it accrued on or after July 30, 2021, when Horn (and Poppington) refused her demand to provide the photographs. Since this refusal occurred within three years of the interposition of her amended counterclaims, which were filed September 2, 2021, Brooks' claim for conversion under New York law is timely and cannot be dismissed on statute of limitations grounds.

**B.   Conversion Under North Carolina Law**

The result is the same if North Carolina law applies. Conversion claims are also subject to a three-year statute of limitations under North Carolina law. 4. N.C. Gen. Stat. § 1-52(4). "As a general rule, [a conversion] claim accrues, and the statute of limitations begins to run, when the unauthorized assumption and exercise of ownership occurs -- not when the plaintiff discovers the conversion. However, when the defendant lawfully obtains possession or control and then exercises unauthorized dominion or control over the property, demand and refusal become necessary elements of the tort." Stratton v. Royal Bank of Canada, 712 S.E.2d 221, 227 (N.C. Ct. App. 2011); see also Hoch v. Young, 305 S.E.2d 201, 204 (N.C. Ct. App. 1983). Since Brooks alleges that Horn "gained lawful possession of her [photographs] before converting [them]," Stratton, 712 S.E.2d at 228, demand and refusal is an element of conversion cause of action. Thus, if North Carolina law applies, Brooks' cause of action for conversion accrued on or after July 30,

2021, so her claim is timely and cannot be dismissed on a statute of limitations defense.

### III. Conclusion

For the reasons set forth above, Plaintiffs' motion to dismiss Brooks' counterclaims is denied.

SO ORDERED.

Dated:   New York, NY
        September 22, 2021

                                      JED S. RAKOFF, U.S.D.J.