UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -x

POPPINGTON LLC and RAQUEL HORN            Civil Action No.: 1:20-cv-08616

Plaintiffs,
     - against -

EDWYNA BROOKS and JOHN DOE 1-10

Defendants.
-- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -- -x

## PLAINTIFFS RAQUEL HORN AND POPPINGTON LLC RESPONSE TO DEFENDANT EDWYNA BROOKS RULE 56.1 STATEMENT OF PURPORTED UNDISPUTED FACTS

Pursuant to Rule 56.1 of the Local Rules of the Southern District of New York, Defendants submit the following Objection and Responses to Defendant Edwyna Brooks Statement of Material Facts in support of her motion pursuant to Rule 56 of the Federal Rules of Civil Procedure granting Experience summary judgment as a matter of law:

## OBJECTION

Plaintiffs object generally to the declaration of Edwyna Brooks on the grounds that it contradicts the sworn testimony she offered previously in deposition, and is therefore a sham affidavit. *See Mack v United States*, 814 F2d 120, (2d Cir 1987) ["It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment."].

## RESPONSES

1. Edwyna Brooks d/b/a EW Brooks Books LLC ("Brooks") is an author and resides in Hawaii. Brooks Affidavit, paragraph 1.

Response: Admit

2. Poppington LLC ("Poppington") is a New York limited liability company, New York DOS ID 4527652. Poppington has an address of 13547 Ventura Blvd, Ste 199, Sherman Oaks, CA 91423. Brooks Amended Counterclaim paragraph 2.

Response: Admit

3.      Raquel Horn ("Horn") is a California resident and has the business address of 13547 Ventura Blvd, Ste 199, Sherman Oaks, CA 91423. Horn is also an owner/managing member of Poppington. Brooks Amended Counterclaim paragraph 3. In 2015, Horn was a resident of North Carolina. Horn deposition page 15 lines 5-15.

Response: Admit

4. Brooks is the owner and the producer of the film "Mafietta" that was shot in July-August 2015 and she copyrighted the film. See Docket Entry 71, Exhibit E to the Affidavit of Christopher Brown.

Response: Admit

4.       Prior to ever meeting the Plaintiff Raquel Horn ("Horn") and her boyfriend Damon Dash ("Dash"), Brooks published the book "Mafietta-Rise Of A Female Crime Boss" in March 2015 ("Novel"). Mafietta: Rise of A Female Boss (The Mafietta Series): Brooks, E.W.: 9780692410400:
Amazon.com: Books. The book was sold on Amazon. See Exhibit A to Affidavit of Brooks.

Response: Admit solely to the extent that Brooks published the book in 2015 based on the supporting documents.


5.       Prior to July-August 2015, Brooks never worked with Horn, Dash or their company, Poppington LLC. The cover of the book "*Mafietta-Rise Of A Female Crime Boss*"[1] was not photographed by Horn and Brooks did not know Raquel Horn prior to the release of the Novel. See Exhibit A to the Affidavit of Brooks; Horn Complaint Exhibit A; and Docket Entry 71 attached as Exhibit E to the Affidavit of Christopher Brown at pages 1-3.

Response: Admit that prior to July-August 2015, Brooks never worked with Horn or Poppington LLC. Deny the remainder of the allegation. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4, 8, 9 10; Ex. A.

7. In July/August 2015, Horn meet Raquel Horn as Brooks was preparing to shoot the film "Mafietta". Horn was hired to perform wardrobe and photography services on the set of Mafietta. Docket Entry 71 attached as Exhibit E to the Affidavit of Christopher Brown at pages 1-3; and Trial Exhibit 25 attached as Exhibit D attached to the Affidavit of Christopher Brown and Affidavit of Brooks paragraphs 4-8.

Response: Deny. Horn was not hired to perform wardrobe or photography on the Mafietta set. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4, 8, 9 10.

---

[1] The correct name of the title of infringing work identified in Exhibit B to the Complaint is *Mafietta: the Trilogy*.

8. Horn's job was to photograph for continuity in order to make sure that the wardrobe was identical in all the necessary/appropriate scenes in Mafietta. Brooks paid Horn $600.00 in 2015 for the services and she was on the set of Mafietta for the three (3) days in 2015 in which the film was made. See Brooks Affidavit paragraph 6. Horn admits that she was paid "several hundred dollars" to perform the services. See Horn interrogatory response No. 3 at Exhibit B to Brooks Affidavit.

Response: Deny. There is no admissible evidence submitted in this record that supports this proposition. To the contrary, Horn was not hired to perform photography on the Mafietta set. She took photos voluntarily as she saw fit. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4,6, 8, 9 10.

9. Horn was in attendance every day during the filming of Mafietta. Horn shot a tremendous amount of photographs while on the set of the actors in their wardrobe. Brooks paid for her for hotel with her boyfriend Damon Dash ("Dash") and Brooks paid for all meals and other accommodations. Horn provided her own camera. Brooks employed Horn and her job was film wardrobe for continuity on the set of Mafietta. Brooks Affidavit paragraph 7.

Response: Deny. To the contrary, while Horn was on set, she took hundreds of photos of film characters, family members, and random assortment of other things that she found interesting or artistically pleasing to capture whenever she felt inspired to take them. Declaration of Raquel Horn ("Horn Dec.") at ¶¶ 6, 8-10. Horn was under no compulsion or agreement to do any of the foregoing. *Id.*

10. Chandra Davis p/k/a Deelishis ("Davis") played the lead female role of "Clarke" in Mafietta. A true copy of Davis' contract is attached as Exhibit C to the Affidavit of Brooks. Brooks owns all the imagery of Davis playing the character of Clarke in the film Mafietta. "Clarke" is the name of the female lead in all my "Mafietta" novels as well, which are copyrighted. U.S. Copyright Registration Number TX-931-981. Brooks Affidavit paragraph 8.

Response: Deny. There is no admissible evidence submitted in this record that supports this proposition.

11. At no point from January 2015 through January 2019 did Horn ever provide Brooks with a copy of any photographs she allegedly authored from the set of Mafietta. Brooks Affidavit paragraph 9.
Response: Admit noting that Brooks now concedes that she sought the photos in 2015.

12. Brooks registered the film Mafietta with the United States Copyright Office in January 2019, registration number PAU003956394 and sued Poppington LLC and Damon Dash in 2019 for copyright infringement and trademark infringement for publishing the film Mafietta without her consent. In April 2020, Brooks won a judgment against Poppington LLC and Damon Dash in the amount of $300,000.00. Brooks v. Poppington LLC, 19-1944-JSR ("Lawsuit 1"). Brooks Affidavit paragraph 10.

Response: Admit.

13. After the production of Mafietta in 2015, Brooks utilized various still imagery from the raw footage of the film Mafietta. Brooks obtained the imagery from the Director of Photography ("DP") on the film, Craig Theiman ("Theiman"). Brooks Affidavit paragraph 11.

Response: Admit per Affidavits of Theiman and Brooks.

14. Brooks has reviewed the photograph Horn copyrighted and the photograph is from the kitchen scene in Mafietta, depicting the lead character "Clarke" played by Davis. Theiman secured the same imagery during the filming of Mafietta. Brooks Affidavit paragraph 12.

Response: Deny. The photograph was taken by Raquel Horn using her cameras and the image speaks for itself. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4, 7, 8, 9 10; Ex. A and B. Further, this should be stricken per the sham affidavit doctrine. At her deposition, Brooks admitted that Horn took the photo. She also admitted that she never saw the copyrighted photo in the "raw footage" of the Mafietta film that she reviewed yet now, she is certain that Thieman shot the same imagery. *See*, Deposition of Edwyna Brooks (Ex. B to the Declaration of Natraj Bhushan) at pp. 49 and 51.

Q. Okay. But now you're saying she was standing
11 behind him and taking the photo, but you don't know
12 who took the photo?
13 A. As she was supposed to because she was taking
14 pictures for continuity, to make sure the gun was
15 in the same hand. We keep coming here. So that's
16 why ***she took the picture while she was working for***
17 ***me***, so what gave her the right to copyright it.
18 ***Q. Okay. So just so the record is clear, she***
19 ***did take the photo?***
20 ***A. She took some photos and if she's saying she***
21 ***took this one, I can't say it's her photo but I'm***
22 ***not gonna say she didn't take it. I'm just saying***
23 ***I don't know if this is her picture or Craig's***
24 ***picture.***

15. At Exhibit D to the Affidavit of Brooks is the kitchen scene with the lead actress holding the gun during the production of Mafietta. The full body of the lead actress is visible and the Caucasian cameraman (Theiman) filming the scene is also visible. Brooks Affidavit paragraph 13; Affidavit of Craig Theiman in general.

Response: Deny. There is no admissible evidence submitted in this record that supports this proposition. See Ex. D to the Affidavit of Brooks. Further, this should be stricken per the sham affidavit doctrine. At her deposition, Brooks admitted that she never saw the copyrighted photo in the "raw footage" of the Mafietta film that she reviewed yet now, she is certain that Thieman shot the same imagery. *See*, Deposition of Edwyna Brooks (Ex. B to the Declaration of Natraj Bhushan) at pp. 49 and 51.

Q. Okay. But now you're saying she was standing
11 behind him and taking the photo, but you don't know
12 who took the photo?
13 A. As she was supposed to because she was taking
14 pictures for continuity, to make sure the gun was
15 in the same hand. We keep coming here. So that's
16 why *she took the picture while she was working for*
17 *me*, so what gave her the right to copyright it.
18 *Q. Okay. So just so the record is clear, she*
19 *did take the photo?*
20 *A. She took some photos and if she's saying she*
21 *took this one, I can't say it's her photo but I'm*
22 *not gonna say she didn't take it. I'm just saying*
23 *I don't know if this is her picture or Craig's*
24 *picture.*


16. Brooks' designer, Candice Kiglore, created the movie poster (Exhibit F) and book cover (Exhibit E) to the Affidavit of Brooks, from the film footage photo imagery taken during the filming of Mafietta. At no point from 2015 through the present, did Poppington or Horn ever complain about the movie poster. Brooks Affidavit paragraph 14.

Response: Deny. The movie poster and book cover photo imagery were taken from photos shot by Raquel Horn. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4,6, 7, 8, 9 10; Ex. A and B.

17. In October 7, 2015, Brooks released her book *Mafietta- The Trilogy*. See Exhibit G to Brooks Affidavit. Mafietta: The Trilogy - Kindle edition by Brooks, E.W.. Literature & Fiction Kindle eBooks @ Amazon.com. The book cover contains the imagery as designed by Candice Kilgore. Brooks Affidavit paragraph 15.

Response: Admit that *Mafietta- The Trilogy* came out in October 7, 2015 (after filming was completed), but deny the remainder of the allegation. The movie poster and book cover were taken from photos shot by Raquel Horn using her camera and creative eye. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4,6, 7, 8, 9 10; Ex. A and B.

18. Exhibit F (movie poster) and Exhibit E (book cover) to the Affidavit of Brooks has similar imagery of the lead actor and lead actress in the film Mafietta. The images are from the movie set "Mafietta" copyrighted by Brooks. Brooks Affidavit paragraph 16.

Response: Deny. There is no admissible evidence submitted in this record that supports this proposition. *Compare* Ex. E and F of the Affidavit of Brooks with the Complaint at Ex. A and B.

19. The photographs with the lead actress Davis, playing the character "Clarke" acting and holding the gun which are apparent in Exhibits H-N to the Affidavit of Brooks, are from the kitchen scene in the movie Mafietta as shot by Theiman. The imagery is substantially similar to the imagery in the photograph Horn contends she owns. Horn attempted to register a photograph of the character "Clarke" with the United States Copyright Office. Horn did this after this court ruled that Brooks owned the film Mafietta and Horn's company was ordered to pay damages. Brooks Affidavit paragraph 17.

Response: Deny. There is no admissible evidence submitted in this record that supports this proposition.

20. Horn registered the photograph after her company Poppington and her boyfriend, Dash, lost a $300,000.00 decision to me in April 2020 in Lawsuit 1. Brooks Affidavit paragraph 18.

Response: Deny. There is no admissible evidence submitted in this record that supports this proposition. Instead, Horn first confronted Brooks about her infringing conduct a year before the April 2020 judgement; however, since Brooks was undeterred by the Notice of infringement provided to Defendant (through her counsel) in July 15, 2019, to protect her rights, Horn copyrighted the photo in April 2020 and eventually filed this lawsuit with co-plaintiff, Poppington LLC. Declaration of Raquel Horn ("Horn Dec.") at ¶14 and Ex. D.

21. Horn snapped the photograph she registered of Davis playing the character "Clarke" during the filming of Mafietta. The same imagery was shot by Theiman on the set of Mafietta which Brooks' own. The photograph copied Mafietta which as United States Copyright registration number PAU003956394. Brooks Affidavit paragraph 18.

Response: Deny. Horn snapped a sequence of photos (which included the photograph) using her camera and creative eye. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4,6, 7, 8, 9 10; Ex. A and B.

Further, this should be stricken per the sham affidavit doctrine. At her deposition, Brooks admitted that Horn took the photo. She also admitted that she never saw the copyrighted photo in the "raw footage" of the Mafietta film that she reviewed yet now, she is certain that Thieman shot the same imagery. *See*, Deposition of Edwyna Brooks (Ex. B to the Declaration of Natraj Bhushan) at pp. 49 and 51.

Q. Okay. But now you're saying she was standing
11 behind him and taking the photo, but you don't know
12 who took the photo?
13 A. As she was supposed to because she was taking
14 pictures for continuity, to make sure the gun was
15 in the same hand. We keep coming here. So that's
16 why **she took the picture while she was working for**
17 **me**, so what gave her the right to copyright it.
18 **Q. Okay. So just so the record is clear, she**

*19 did take the photo?*
*20 A. She took some photos and if she's saying she*
*21 took this one, I can't say it's her photo but I'm*
*22 not gonna say she didn't take it. I'm just saying*
*23 I don't know if this is her picture or Craig's*
*24 picture.*


22. Horn has produced approximately 900 photographs that she took during the filming of Mafietta in this litigation, which she was paid $600.00 by me to create. Brooks employed Horn and she was on set every day during the shooting of Mafietta providing photography services for wardrobe continuity. Brooks requested that the photographs be provided to Brooks in 2021, however, Horn failed to provide them. Brooks Affidavit paragraph 19-20.

Response: Deny. To the contrary, or around August 2015, on her own volition, while on set of the *Mafietta* film, Horn took, using her own camera and lenses, several hundred photographs for which she is the original author of. Declaration of Raquel Horn ("Horn Dec.") at ¶4. Horn, who was under no compulsion to take any photos, snapped pictures of film characters, family members, and random assortment of other things that she found interesting or artistically pleasing to capture whenever she felt inspired to take them. *Id.* at ¶6. These photos were produced to Brooks solely in response to her discovery demand in the litigation.

23. Horn had no right to keep in her possession the photographs from the production of Mafietta. Brooks Affidavit paragraph 21.

Response: Deny. *Id.*

24. Horn never obtained Brooks' permission to register the photograph and Brooks owned the imagery of Davis playing the female lead road in Mafietta via contract. Brooks Affidavit paragraph 23.

Response: Deny. *Id.*


25. The same imagery registered by Horn with the United States Copyright Office, was filmed by Theiman. See Theiman Affidavit at paragraphs 2-11; Horn deposition transcript pages 32-34, 44.

Horn snapped a sequence of photos (which included the photograph) using her camera and creative eye. Declaration of Raquel Horn ("Horn Dec.") at ¶¶4,6, 7, 8, 9 10; Ex. A and B.

Further, this should be stricken per the sham affidavit doctrine. At her deposition, Brooks admitted that Horn took the photo. She also admitted that she never saw the copyrighted photo in the "raw footage" of the Mafietta film that she reviewed yet now, she is certain that Thieman shot the same imagery. *See*, Deposition of Edwyna Brooks (Ex. B to the Declaration of Natraj Bhushan) at pp. 49 and 51.

Q. Okay. But now you're saying she was standing
11 behind him and taking the photo, but you don't know
12 who took the photo?
13 A. As she was supposed to because she was taking
14 pictures for continuity, to make sure the gun was
15 in the same hand. We keep coming here. So that's
16 why ***she took the picture while she was working for***
17 ***me***, so what gave her the right to copyright it.
18 ***Q. Okay. So just so the record is clear, she***
19 ***did take the photo?***
20 ***A. She took some photos and if she's saying she***
21 ***took this one, I can't say it's her photo but I'm***
22 ***not gonna say she didn't take it. I'm just saying***
23 ***I don't know if this is her picture or Craig's***
24 ***picture.***


26. Horn was an employee of Brooks during the filming of Mafietta. Brooks deposition transcript pages 37-39.

Response: Deny. Aside from Brooks' sham, self-serving Affidavit, there is no admissible evidence submitted in this record that supports this proposition. See also, Declaration of Raquel Horn ("Horn Dec.") at ¶5. *See generally*, Deposition of Edwyna Brooks (noting she did not supply Raquel with any cameras to take photos, did not control the means and methods of her work, her hours, etc.)

| | |
|---|---|
| Dated: November 22, 2021<br>　　Brooklyn, NY | **TURTURRO LAW, P.C.**<br>By: /s/ Natraj S. Bhushan, Esq. |